UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HB Feeder, LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships Identified On Schedule A, <br><br> Defendants. | Case No.: 1:25-cv-00844 <br><br> Judge Matthew F. Kennelly |

**FINAL DEFAULT JUDGMENT ORDER AS TO CERTAIN DEFENDANTS**

This action, having been commenced by HB Feeder, LLC ("HBF" or "Plaintiff") against the Defendants identified on the Amended Schedule A to the Complaint, and using the online marketplace accounts identified therein (also referred to as the "Defendant Internet Stores" or "Seller Aliases"), and HBF, having moved for entry of Default and Default Judgment against the two remaining Defendants identified therein[1] (collectively, the "Defaulting Defendants");

This Court, having entered upon a showing by HBF, a Temporary Restraining Order and Preliminary Injunction against Defaulting Defendants, which included an asset restraining order;

HBF, having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and,

---

[1] The attached Amended Schedule A only includes information regarding Defaulting Defendants and does not include Defendants who were previously dismissed or found in default, pursuant to the default judgment order issued on May 29, 2025 [59].

1

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants, since the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. In the context of similar cases, ". . . a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In the present case, Plaintiff has presented screenshot evidence that each Defaulting Defendant Internet Store is reaching out to do business with Illinois residents, by operating one or more commercial, interactive Internet Stores, through which Illinois residents can and do purchase products using infringing versions of Plaintiff's Copyrights (the "Infringing Products"). *See* [19], which includes screenshot evidence of each Defendants' infringing product listings, confirming that each Defaulting Defendant stands ready, willing, and able to ship the infringing goods to customers in Illinois, and includes evidence which shows Defendants' product listings, which bear infringing and/or counterfeit versions of the Lil Sweety Copyrights.[2]

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful copyright infringement, pursuant to 17 U.S.C. § 504(c).

---

[2] True and correct copies of Plaintiff's federally registered copyrights were filed as Exhibit 2 to the Complaint.

IT IS HEREBY ORDERED that HBF's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Lil Sweety Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine HBF Product or not authorized by HBF to be sold in connection with the Lil Sweety Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine HBF Product or any other product produced by HBF, that is not HBF's or not produced under the authorization, control or supervision of HBF and approved by HBF, for sale under the Lil Sweety Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of HBF, or are sponsored by, approved by, or otherwise connected with HBF;

    d. further infringing the Lil Sweety Trademark and Copyrights and damaging HBF's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for HBF, nor authorized by HBF to be sold or offered for sale, and

which bear any of the Lil Sweety Trademark and Copyrights, or any reproductions, counterfeit copies or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other Seller Alias account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit or infringing products; and,

g. operating and/or hosting websites at any other online marketplace registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Lil Sweety Trademark and Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof, that is not a genuine HBF Product, or not authorized by HBF to be sold in connection with the Lil Sweety Copyrights.

2. Those in privity with Defaulting Defendants, and with actual notice of this Order, including any online marketplaces, including but not limited to, Amazon, Inc. ("Amazon") (collectively, the "Online Marketplaces") and Internet search engines such as Google, Bing and Yahoo, shall within five (5) business days of receipt of this Order:

a. Disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the Lil Sweety Copyrights, including any accounts associated with the Defendants;

b. Disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Lil Sweety Copyrights; and,

4

      c.        Take all steps necessary to prevent links to the Seller Aliases identified on the Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

      3.  Pursuant to 17 U.S.C. § 504(c)(2), HBF is awarded statutory damages from Defaulting Defendants, in accordance with the attached Amended Schedule A, in the amount of thirty thousand dollars ($30,000) for willful copyright infringement of the Lil Sweety Copyrights.

      4.  Any third party who is providing services for any of the Defendants, or in connection with any of Defendant's websites at the online marketplace accounts or other websites operated by Defendants, including, without limitation, the Online Marketplaces, PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), and Amazon Payments (collectively referred to herein as "Third-Party Payment Providers"), any other payment processors, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, distributors, and shippers (collectively, the "Third-Party Providers") shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts or websites, from transferring or disposing of any money or other of Defaulting Defendants' assets.

      5.  All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Third-Party Providers, are hereby released to HBF as partial payment of the above-identified damages, and the Third-Party Providers are ordered to release to HBF the amounts from Defaulting Defendants' financial accounts within ten (10) business days of receipt of this Order.

      6. Until HBF has recovered full payment of monies owed to it by any Defaulting Defendant, HBF shall have the ongoing authority to serve this Order on the Online Marketplaces,

Third-Party Payment Providers, and any banks, savings, and loan associations, other third-party payment processors, or other financial institutions, for any Defaulting Defendant or any of Defaulting Defendants' online marketplace accounts or websites, in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Third-Party Providers shall within five (5) business days:

    a.    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts or Defaulting Defendants' websites, including, but not limited to, any accounts connected to the information listed on the Amended Schedule A and the email addresses associated with the Defendants that are identified by either Defendants or third-parties;

    b.    Restrain and enjoin such accounts or funds that are based internationally, from transferring or disposing of any money or other assets of Defaulting Defendants; and,

    c.    Release all monies restrained in Defaulting Defendants' accounts to HBF, as partial payment of the above-identified damages;

    7.  In the event that HBF identifies any additional online marketplace accounts third-party payment processors, and/or financial accounts owned by Defaulting Defendants, HBF may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses originally identified and served, and any email addresses provided for Defaulting Defendants by third-parties.

This is a Final Judgment.

Dated:   September 28,  , 2025

                                United States District Court Judge Matthew F. Kennelly

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HB FEEDER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:25-CV-00844<br><br>JUDGE MATTHEW F. KENNELLY |

## AMENDED SCHEDULE A[3]

| NO. | STORE NAME | MERCHANT URL | DAMAGES |
|---|---|---|---|
| 52 | HappyKoi | amazon.com/sp?seller=A1L0ABPHBWS86G | $30,000 |
| 192 | KUN-un | amazon.com/sp?seller=A33K35AYI8O2QZ | $30,000 |

---

[3] The attached Amended Schedule A only includes information regarding Defaulting Defendants and does not include Defendants who were previously dismissed or found in default, pursuant to the default judgment order issued on May 29, 2025 [59].

7